UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALPHONSO PASSMORE,

       Petitioner,

vs.                            Case No. 3:13-cv-220-J-39PDB

SECRETARY, DOC, et al.,

       Respondents.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on February 25, 2013.[1] The original Petition was not signed by the pro se Petitioner. He challenges his 2006 Putnam County conviction for aggravated battery with a deadly weapon, resisting arrest without violence, and retail theft.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

---

[1] The Petition was filed with the Clerk on February 28, 2013; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (February 25, 2013). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations. See Respondents' Response to Petition (Response) (Doc. 11). In support of their contentions,

they have submitted exhibits (Docs. 14- 29).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 10). Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 31).

The record shows the following. Petitioner was charged by a second amended information with aggravated battery with a deadly weapon, resisting arrest with violence, and retail theft. Ex. A at 1. A jury returned a verdict of guilty of aggravated battery with a deadly weapon, resisting arrest without violence, and retail theft. Id. at 48-49; Ex. B at 172. On February 27, 2006, the court adjudicated Petitioner guilty, entered judgment, and sentenced Petitioner to fifteen years as a prison releasee reoffender. Ex. A at 76-85. Petitioner appealed, and the Fifth District Court of Appeal affirmed per curiam on January 9, 2007. Ex. D at 1-29. The mandate issued on January 26, 2007. Id. at 30. His conviction became final on April 9, 2007 (90 days after January 9, 2007) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

---

[2] The Court hereinafter refers to the Respondents' exhibits as (Ex.). Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run on April 10, 2007, and ran for 292 days, until Petitioner filed a pro se Rule 3.850 post conviction motion in the circuit court on January 27, 2008.[3] The circuit court denied the Rule 3.850 motion in an order filed on September 2, 2010.[4]  Ex. E at 159-63.  No appeal was taken.  Thus, the one-year limitations period was tolled until Monday, October 4, 2010.[5]  The limitations period began to run again on October 5, 2010.  At this point, there were 73 days remaining in the one-year limitations period.  Therefore, the one-year limitations period expired on December 17, 2010.[6]  Petitioner filed his federal Petition on February 25, 2013.

Therefore, the Petition, filed on February 25, 2013, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations

---

[3] The trial court appointed Ralph Rowe to represent Petitioner at the evidentiary hearing.  Ex. E at 126.

[4] The order shows that copies of the order were sent to the Office of the State Attorney and Petitioner at Santa Rosa Correctional Institution, but not to Attorney Rowe.  Ex. E at 163.

[5] The thirtieth day, the time in which to properly file a notice of appeal, fell on Saturday, October 2, 2010.

[6] Petitioner did not file a Rule 3.800(a) motion until June 9, 2011, long after the limitations period had expired.  Ex. E at 170-74.

4

period. On April 21, 2011, after the one-year limitations period expired, Petitioner filed a Motion to Hear and Rule in the circuit court, requesting that the court enter a ruling on his Rule 3.850 motion. Ex. E at 167-69. On July 13, 2011, Petitioner filed a Petition for Belated Appeal, requesting the Fifth District Court of Appeal grant a belated appeal from the denial of the Rule 3.850 motion. Id. at 177-81. The state filed a Response to Petition for Belated Appeal acknowledging that the court's order denying the Rule 3.850 motion included a certificate of service on Petitioner at Santa Rosa Correctional Institution, whereas Petitioner was actually confined at Gulf Correctional Institution at that time. Ex. I at 14. Additionally, Respondents found that the incoming institutional legal mail logs for September and October 2010 for Gulf Correctional Institution did not show any legal mail received by Petitioner during those months. Id. Respondents also noted that Mr. Rowe did not recall Petitioner requesting to appeal, and Mr. Rowe believed Petitioner did not request that he file an appeal. Id. Respondents conceded that they did not have a good faith basis to dispute Petitioner's claim that he did not timely receive a copy of the order denying his Rule 3.850 motion, and it would best serve judicial time and economy to grant a belated appeal. Id. at 15.

On September 2, 2011, the Fifth District Court of Appeal granted a belated appeal. Id. at 23. The appellate court per

5

curiam affirmed on December 18, 2012. Ex. J at 54. The mandate issued on January 11, 2013. Id. at 55.

Ultimately, the motion for an out-of-time appeal was granted; however, the granting of an out-of-time appeal "does not revive the time during which no state collateral petition was pending before the state court." Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003). Thus, "[a] state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." Id. at 1381. See Gaston v. Daniels, No. 12-00040-WS-N, 2014 WL 5392074, at *4 (S.D. Ala. Oct. 23, 2014) ("Eleventh Circuit precedent is clear that motions for a belated state court appeal filed outside of the AEDPA limitations period, even if ultimately granted, do not serve to revive an expired AEDPA limitations period."); McMillan v. Sec'y for the Dep't of Corr., 257 F. App'x 249, 253 (11th Cir. 2007) (per curiam) (rejecting the argument that a post conviction motion remains pending simply because the state provides a specific procedure to seek an out-of-time appeal in special situations or because it grants an out-of-time appeal).

In response to Respondents' assertion of Petitioner's untimeliness, Petitioner, in his Reply at 3, apparently attempts to rely on Martinez v. Ryan, 132 S.Ct. 1309 (2012), claiming his untimely filing is excused because of counsel's unresponsiveness during the state post conviction proceedings. As recently noted,

6

> The Eleventh Circuit has expressly rejected petitioner's argument that Martinez applies to overcome the statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Sledge v. Jones, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015). As a result, the holding in Martinez is inapplicable to this case and does not excuse Petitioner's untimely filing of his Petition. As succinctly explained in Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.), cert. denied, 135 S.Ct. 106 (2014):

> As our discussion shows, the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in Martinez and Trevino were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

The Eleventh Circuit has concluded that: "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). In the two-

pronged test for equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). In this case, Petitioner has not met the burden of showing that equitable tolling is warranted.

As noted by Respondents, at the conclusion of the August 18, 2010 evidentiary hearing on the Rule 3.850 motion, the trial court announced: "I'll reserve ruling on the judgment right now and I'll enter an order sometime in the next 30 days." Ex. G at 103. Thus, Petitioner was fully advised that a prompt ruling would be

8

forthcoming in the following thirty-day period. Thus, he was on notice that there would be a ruling by Friday, September 17, 2010.

Petitioner waited until April 21, 2011 to file an inquiry/motion in the circuit court. Ex. E at 167-69. He waited even longer, until July 13, 2011, to petition for a belated appeal. Id. at 177-81. Although Petitioner states that he attempted to make inquiries to counsel and counsel was non-responsive, Petitioner's failure to contact the clerk of the court or submit something to the circuit court in a timely fashion to ascertain the status of his motion, knowing that the court announced it would rule by September 17, 2010, does not constitute an exercise of reasonable diligence.

In sum, the Court is not persuaded that Petitioner "diligently attempted to ascertain the status of that order[.]" Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (citing Knight v. Schofield, 292 F.3d 709 (11th Cir. 2012)), cert. denied, 537 U.S. 1237 (2003). Indeed, the Court is of the opinion that Petitioner has not shown that he is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and under these circumstances, the Court finds that Petitioner has failed to show that he exercised due diligence in attempting to ascertain the status of his Rule 3.850 motion.

Based on the record, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations

9

period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Indeed, he does not claim actual innocence. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June, 2015.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/12
c:
Alphonso Passmore
Counsel of Record